UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x

NIKKI SECONDINO,

                                                Plaintiff,

                -against-

THE CITY OF NEW YORK, C.O. GAYLE, C.O.
STROUD, C.O. MARTINEZ, C.O. PENA, C.O. WILL,
C.O. ROGER, C.O. MATEO, C.O. SCOTT, C.O.
HEREDIA, C.O. RICHARDS, C.O. ENCAMPO, CAPT.
AGARES, CAPT. WILLIAMS, CAPT. HAMILTION and
C.O.s JOHN/JANE DOE #1-12,

                                    Defendants,

---------------------------------------------------------------------- x

**CASE NO.**

**COMPLAINT**

<u>Trial by Jury Demanded</u>

Plaintiff, Nikki Secondino, by her undersigned attorneys Sivin, Miller & Roche, LLP, sues defendants, and respectfully makes the following allegations:

## <u>NATURE OF THE ACTION</u>

1.      Since January 2023, plaintiff Nikki Secondino, a transgender woman, has been incarcerated at Rikers Island Correctional Facility among women. She has been the repeated target of violence by inmates and simultaneously endured instances where corrections officers participated in the violence; acquiesced to it; or utterly failed to adequately monitor and supervise it.   Plaintiff brings this action to hold defendants accountable for ignoring her pleas for help and the extreme abuse and violence she has endured while incarcerated in the facility.

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction over this action in that some of the claims in this action have been brought pursuant to 42 U.S.C. § 1983 and allege violations of plaintiff's civil rights, including rights guaranteed under the Fourteenth Amendment's Due Process Clause.

3.      Jurisdiction also is founded upon 28 U.S.C. §§ 1331, 1343(a).

4.      This Court also has supplemental jurisdiction over claims asserted against defendants under New York State law pursuant to 28 U.S.C §1367.

5.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C.  § 1391 (b) in that the events giving rise to this action occurred in this District.

**PARTIES**

6.      Plaintiff Nikki Secondino is a transgender woman, a United States citizen, and at all relevant times lawfully in the custody of the New York City Department of Correction at Rikers Island Correctional Facility, in the County of the Bronx, City and State of New York.

7.      Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Prior to the institution of this action and within ninety (90) days from the dates when Plaintiff's various state causes of action accrued herein, notices of claim and intention to sue were duly served upon and filed with the defendants on behalf of the plaintiff; that this action was not commenced until the expiration of thirty (30) days after such notices of claim and intention to sue were presented and the defendants have neglected and/or refused to make adjustments or payments thereon, and this action is being commenced within one year and ninety days after plaintiff's first state law cause of action accrued herein.

9.      Defendant, THE CITY OF NEW YORK, maintains the New York City

Department of Correction, (which employs the defendant correction officers), a duly authorized public authority and/or correctional department, authorized to perform all functions of a correctional department as per the applicable sections of the New York State Correction Law, acting under the direction and supervision of the aforementioned municipal corporation, the City of New York.

10.     At all times hereinafter mentioned, the individually named defendant correction officers (hereinafter "C.O.") Stroud, Martinez, Pena, Will, Roger, Mateo, Scott, Heredia, Richards, Gayle, and Encampo and Captains Agares, Williams and Hamilton were duly sworn employees of said department.

11.     At all times herein mentioned, defendant C.O.s John Doe #1-12, are fictitious names intended to represent C.O.s whose identities are currently unknown to plaintiff, and who were involved in the incidents described *infra*, and were duly sworn correction officers of said department.

12.     At all times hereinafter mentioned, the individually named defendants and C.O.s John Doe #1-12 were acting within the course and scope of their employment with the Department of Correction.

13.     At all times hereinafter mentioned, the individually named defendants and C.O.s John Doe #1-12 acted under color of state law.

## THE APRIL 21, 2023 INCIDENT

14.     Plaintiff repeats and realleges each and every allegation contained above as though fully set forth at length herein.

15.     On April 21, 2023, in the early afternoon plaintiff was an incarcerated transgender woman lawfully in the custody of the New York City Department of Correction at Rikers Island Correctional Facility.

16.     Plaintiff was housed in Building 5 of the Rose M. Singer Center.

17.     At the aforementioned time and place, plaintiff was in her cell when three inmates entered the cell and locked the door.

18.     Plaintiff immediately screamed out for correction officers to help her as she knew these inmates sought to harm her.

19.     Those inmates then began beating plaintiff by pulling her hair, punching her on the sides of her face, kicking her back, choking her, and scratching her. One of the inmates also held a blade to plaintiff's face.

20.      During the assault, plaintiff continued to scream out for help, and although defendant C.O. Stroud's desk post was just a few feet away from the cell, defendant C.O. Stroud did not come to plaintiff's aid.

21.     The assault lasted several minutes before plaintiff was able to escape out of her cell while her assailants continued to strike her.

22.     When plaintiff was able to escape her cell, she observed defendant C.O. Stroud standing by her desk-post watching.

23.     Defendant C.O. Stroud knew that the assailant inmates had entered plaintiff's cell and was aware of these inmates' dangerous nature.

24.    Defendant C.O. Stroud knew that plaintiff was being assaulted by other inmates inside her cell and in the hallway, and had reasonable opportunities to intervene to prevent and/or stop the assault.

25.    Although defendant C.O Stroud knew plaintiff was being assaulted, she failed to intervene or take adequate action to abate the harm at the time of the attack.

26.    Upon information and belief, C.O. Gayle, and other officers-whose identities are unknown to plaintiff at this time, C.O.s John Doe 1-3-were also in the vicinity of plaintiff's cell, were aware of the assailant inmates' violent nature and the assault as it was occurring but did not intervene to stop the beating.

27. After the incident, a captain came to the scene and took pictures of plaintiff's injuries, at plaintiff's request. The captain also took plaintiff to the infirmary.

28.    As a result of defendants' failure to properly monitor and supervise the inmates, plaintiff was beaten, and sustained physical and psychological injuries, including a broken nose, broken ribs and suffered trauma to her head.  Plaintiff endured and will continue to endure pain and suffering and loss of enjoyment of life, and was otherwise damaged. The brutal and prolonged assault of plaintiff occurred as a result of the intentional, reckless, negligent and/or deliberate indifference of the defendants.

29. After the incident, plaintiff called 311 several times to complain about the incident and the corrections officers that had been in the area.

## THE AUGUST 24, 2023 INCIDENT

30.    Plaintiff repeats and realleges each and every allegation contained above as though fully set forth at length herein.

31.    On August 24, 2023, at approximately 2:00 p.m. plaintiff was housed in the Rose M. Singer Center in the area designated as the 5 South B dorms.

32. At the aforementioned time and place, defendants C.O Rosa and C.O Samuels of the Department of Correction Emergency Services Unit, and several other correction officers, whose identities are unknown to plaintiff at this time, John Does 4-7, acting jointly and in concert with each other and without any legal justification and not in furtherance of any legitimate penological interest, brutally assaulted and battered plaintiff.

33.  In perpetrating the attack, C.O. Rosa kicked plaintiff from behind in her knees, causing plaintiff to fall face first on the floor.

34.  The other officers, C.O. Samuels and C.O.s John-Doe 4-7, then got on top of plaintiff and brutally assaulted and battered her by among other things mashing her head and body to the ground.

35.  C.O.s Rosa, Samuels, and C.O.s John Doe 4-7, observed the aforementioned assault and battery, had a reasonable opportunity to intervene to prevent and or/stop the assault and battery, but deliberately failed to and refused to take any steps to do so.

36.  As a result of the aforementioned assault and battery, plaintiff sustained physical and psychological injuries, including a fractured cheek bone and nerve damage to her face. Plaintiff endured and will continue to endure pain and suffering and loss of employment of life, and was otherwise damaged.

## THE JANUARY 13, 2024 INCIDENT

37.    Plaintiff repeats and realleges each and every allegation contained above as though fully set forth at length herein.

38.    On or about January 13, 2024, at approximately 9:00 p.m. plaintiff was housed with approximately 25 other inmates in the Rose M. Singer Center in the area designated as 2 South A.

39.    On or about January 8, 2024, inmate C.I. who was housed in the aforementioned area, threatened plaintiff stating that she was going to cut plaintiff in her sleep, and referred to the charges for which plaintiff was incarcerated.

40.    Plaintiff was aware that inmate C.I. always carried a contraband weapon shank/knife on her.

41.    Prior to January 13, 2024, plaintiff had reported to corrections officers that inmate C.I carried a weapon and had made several written statements to that effect to facility officials.

42.    On approximately January 9, 2024, plaintiff informed defendant Captain Agares about threats made by inmate CI.

43.    Defendant Captain Agares was aware that protective custody had been court ordered for plaintiff, but stated to plaintiff that the protective custody order was only a recommendation, and that plaintiff would be fine.

44.    On January 12, 2024, plaintiff told defendant C.O.s Martinez and Pena of threats made to her by inmate C.I., but they did nothing.

45.    On January 13, 2024, at approximately 5:00 p.m. plaintiff informed defendant C.O. Will, who was posted in the bubble watch post that inmate C.I. threatened to cut her, that she was afraid and to please call a captain.

46.    Defendant C.O. Will told plaintiff that she would call a captain.

47.    Plaintiff repeatedly returned to C.O. Will to ask if she had reached the captain, but was told the captain had not answered but there was no need to worry as the captain made tours at 8:00 p.m.

48..    Defendant Captain Williams did make tours at 8:00 p.m. and plaintiff informed her of the repeated threats made to her by inmate C.I.

49.    Defendant Captain Williams told plaintiff that she should "lay low" and that she would return in half an hour to deal with the situation.

50.    Defendant Captain Willaims did not return within half an hour.

51.     At approximately 9:00 p.m. on January 13, while plaintiff was reading in her bed, she was attacked by inmate C.I. brandishing a knife.

52.    Plaintiff was forced to defend herself and fight her assailant.  Other inmates in the housing area sought to intervene in the struggle, and the fight ended after a few minutes.

53.    At the time of the assault there was no correction officer posted in the housing area, and C.O.s John Doe 8-10 in the bubble watch posts either failed to adequately monitor their post or abandoned them.

54.    Only after the fight ended did corrections officers respond to the area.

55.    As a result of defendants' failure to properly monitor and supervise inmates, the aforementioned assault and battery occurred, and plaintiff sustained physical, and psychological injuries, including a fractured hand, and a cut on her neck.   Plaintiff endured and will continue to endure pain and suffering and loss of enjoyment of life, and was otherwise damaged.  The brutal and prolonged assault of plaintiff occurred as a result of the intentional, reckless and negligent conduct and/or deliberate indifference of the defendants.

## <u>THE JANUARY 19, 2024 INCIDENT</u>

56.    Plaintiff repeats and realleges each and every allegation contained above as though fully set forth at length herein.

57.    On January 19, 2024, plaintiff was still recovering from the January 13, 2024, incident and was transferred to a new cell in building 5.

58.    Prior to plaintiff being moved, defendants Captain Hamilton and C.O. Roger threatened plaintiff stating, "maybe you'll learn your lesson", and that she was an "entitled little brat."

59.    After plaintiff moved into her new cell, she left the room to use the phone and call her family.

60.    When plaintiff went to the phone area, C.O. Mateo told plaintiff that she should be careful and then left his post.

61.    As plaintiff sought to use the phone, she was surrounded and attacked by 5 inmates who kicked plaintiff in the back, neck, head and legs, and punched her in the face.

62.    Plaintiff tried to shield herself and fight back against her attackers.

63.    After several minutes of plaintiff being beaten, defendant C.O. Mateo returned and, without justification, pepper sprayed plaintiff.

64.    As a result of defendants' failure to properly monitor and supervise inmates, the aforementioned assault and battery occurred, and plaintiff sustained physical, and psychological injuries, including a fractured nose, contusions on her head, and scratches. Plaintiff endured and will continue to endure pain and suffering and loss of enjoyment of life, and was otherwise damaged.  The brutal and prolonged assault of plaintiff occurred as a result of the intentional, reckless, negligent conduct and/or deliberate indifference of the defendants.

## THE FEBRUARY 17, 2024 INCIDENT

65.     Plaintiff repeats and realleges each and every allegation contained above as though fully set forth at length herein.

66.     On February 17, 2024, plaintiff was housed in protective custody in 5 South B.

67.     On that day in the afternoon, inmate I.D. made sexually inappropriate comments to plaintiff, such as "I want to fuck you, and "come with me to the showers."

68.     On the same afternoon at approximately 3:30 p.m., plaintiff reported inmate I.D.'s inappropriate statements to defendant C.O.s Scott and Heredia who were stationed in the bubble watch post, but neither of the two took any action.

69.     At approximately 4:45 p.m. plaintiff went to the bathroom to take a shower.

70.     The rule for inmates in protective custody was that there is only one person at a time in the shower, and defendant C.O. Richards had announced that rule to the entire dorm.

71.     At the aforementioned time and place, plaintiff was sexually assaulted by inmate I.D. while in the shower area. Inmate I.D. among other things forcibly attempted to remove plaintiff's clothes, grope her body and penetrate her.

72.     Plaintiff screamed for help and other inmates came to her aid.

73.     Plaintiff informed defendant C.O. Richards, who was posted in the bubble, what occurred.

74.     As a result of defendants' failure to properly monitor and supervise inmates, the aforementioned sexual assault occurred, and plaintiff sustained psychological injuries. Plaintiff endured and will continue to endure pain and suffering and loss of enjoyment of life, and was otherwise damaged.  Plaintiff's sexual assault occurred as a result of the intentional, reckless, and negligent conduct and/or deliberate indifference of the defendants.

## THE APRIL 16, 2024 INCIDENT

75.     Plaintiff repeats and realleges each and every allegation contained above as though fully set forth at length herein.

76.     On or about April 16, 2024, despite a court order placing plaintiff in protective custody, plaintiff was housed in general population.

77.     On that date while in the pantry in building 2, plaintiff was approached from behind by inmate R.A., who stated "you want problems with my bitch?"

78.     Upon information and belief inmate R.A.'s statement was referring to plaintiff's April 2023 incident when she was assaulted by other inmates. One of the assailants involved in the April 2023 incident was R.A.'s girlfriend.

79.     Inmate R.A. then punched plaintiff in the face and stabbed the plaintiff in the back with a shank.

80.     At the time of the assault, defendant C.O. Encampo had left his post, and there was no correction officer in the area, and C.O.s John Doe 11-12 either failed to adequately monitor their post or abandoned their post.

81.     After several minutes, defendant C.O. Encampo returned to his post and then witnessed the assault and pepper sprayed plaintiff without justification.

82.     As a result of defendants' failure to properly monitor and supervise inmates, the aforementioned assault and battery occurred, and plaintiff sustained physical, and psychological injuries, including a fractured nose, and a stab wound.   Plaintiff endured and will continue to endure pain and suffering and loss of enjoyment of life, and was otherwise damaged.  The brutal and prolonged assault of plaintiff occurred as a result of the intentional, reckless, and negligent conduct and/or deliberate indifference of the defendants.

## CAUSES OF ACTION

### COUNT I
### Failure to Protect under 42 U.S.C. § 1983
### (Against Defendant Correction Officers Stroud, Gayle, Martinez, Pena, Will, Roger, Mateo, Scott, Heredia, Richards, Encampo, John Does 1-3, 8-10, 11-12, and Captains Agares, Williams and Hamilton)

82.     Plaintiff repeats and realleges each and every allegation contained above as though fully set forth at length herein.

83.     Defendant C.O.s Stroud, Gayle, Martinez, Pena, Will, Roger, Mateo, Scott, Heredia, Richards, Encampo, John Does 1-3, 8-10, 11-12, and Captains Agares, Williams and Hamilton , acting under color of state law and under their authority as correction officers, violated plaintiff's right to due process of law, guaranteed to her by the Fourteenth Amendment to the Constitution of the United states, in that defendants, despite plaintiff's pleas for help, knowledge of the danger and violence occurring against plaintiff,  presence in the area of the incident(s) and awareness of dangerous situations faced by plaintiff, deliberately failed  to act and protect plaintiff against the dangers she faced, failed to remedy dangerous situations faced by plaintiff, and sanctioned conduct that caused harm to plaintiff from other inmates.   Based on the foregoing, plaintiff is entitled to recover monetary damages under 42 U.S.C. § 1983.

84.     As a result of defendant's deliberate failure to prevent harm to plaintiff, she sustained, among other things, severe bodily injuries including, but not limited to fractured bones, bruised ribs, trauma to her head,  emotional trauma, and deprivation of constitutional rights.

**COUNT II**
**Excessive Force and Failure to Intercede Under 42 U.S.C. § 1983**
**(Against Defendant C.O.s Rosa, Samuels, Encampo, Mateo, C.O. John Does 4-7 and**
**Captain Bell)**

85.     Plaintiff repeats and realleges each and every allegation contained above as though fully set forth at length herein.

86.     The aforementioned level of force employed by the Correction Officer Defendants Rosa, Samuels, C.O. John Does 4-7 and Captain Bell, in kicking plaintiff to the ground, striking her while on the floor, and forcefully pressing her body to the floor, and /or in failing to intercede to prevent the aforementioned level of force was objectively unreasonable given the circumstances and in violation of plaintiff's constitutional rights under the Due Process Clause of Fourteenth Amendment prohibiting the use of excessive force.

87.     As a result of defendants' excessive use of force against plaintiff, she sustained, among other things, severe bodily injuries including but not limited to a fractured cheek bone, emotional trauma, and deprivation of constitutional rights.

88.     Additionally, the aforementioned levels of force used variously by C.O.s Mateo and Encampo in pepper spraying plaintiff was without justification and objectively unreasonable given the circumstances and in violation of plaintiff's constitutional rights under the Due Process Clause of Fourteenth Amendment prohibiting the use of excessive force.

89.     As a result of defendants' excessive use of force against plaintiff, she sustained, among other things, bodily injuries, emotional trauma, and deprivation of constitutional rights.

**COUNT III**
**State Law Claim: Negligent Supervision**
**(Against the City of New York and Defendant Correction Officers Stroud, Gayle,**
**Martinez, Pena, Will, Roger, Mateo, Scott, Heredia, Richards, Encampo, John Does 1-3,**
**8-10, 11-12, and Captains Agares, Williams and Hamilton)**

90.     Plaintiff repeats and realleges each and every allegation contained above as though fully set forth at length herein.

91.     The defendant City of New York, acting through its agents, servants and employees including but not limited to Correction Officer Defendants Stroud, Gayle, Martinez, Pena, Will, Roger, Mateo, Scott, Heredia, Richards, Encampo, John Does 1-3, 8-10, 11-12, and Captains Agares, Williams and Hamilton acting in their scope of employment, and acting under the color of state law, owed a duty of care to plaintiff that she would be reasonably and safely held while incarcerated at Rikers Island, and that she would be protected from potentially violent inmates, potentially aggressive inmates, and those inmates in general who were a threat to her safety and welfare. These defendants breached their duty to plaintiff when they repeatedly failed to supervise and protect her from injury while at the facility.

92.     As a direct and proximate cause of the breaches mentioned above with respect to the incidents involving these defendants, plaintiff suffered severe physical injuries, pain and suffering, emotional trauma, and other injuries all of which are permanent in nature.

**COUNT IV**
**State Law Claim: Assault and Battery**
**(Against City of New York, C.O.s Rosa, Samuels, Encampo, Mateo and C.O. John Does 4-**
**7)**

93.     Plaintiff repeats and realleges each and every allegation contained above as though fully set forth at length herein.

94.     Defendant Correction Officers Rosa, Samuels and John Does 4-7, employed by the City of New York, assaulted and battered Plaintiff when she was kicked/tripped to the ground, struck while on the floor, and forcefully pressed to the floor. Additionally, C.O.s

Encampo and Mateo, assaulted and battered plaintiff when they variously pepper sprayed her without justification or valid legal cause.

96.     At that time, the defendants were acting under color of state law and under their authority as correction officers for the City of New York. The City of New York is liable for the assault and battery of plaintiff under a theory of respondeat superior.

97.     When the corrections officers assaulted and battered plaintiff, they acted maliciously, without legal justification or excuse, and did not reasonably believe the force used was necessary.

98.     As a direct and proximate cause of the assault and battery described above, plaintiff suffered severe physical injuries, pain and suffering, emotional trauma, and other injuries all of which are permanent in nature.

99.     All of the causes of action herein fall within one or more of the exceptions set forth in Article 16 of New York's Civil Practice Law and Rules with respect to joint and several liability.

**WHEREFORE**, plaintiff demands judgment in the form of compensatory damages against defendants, and each of them, on all of the aforementioned causes of action, in an amount to be determined by the jury, together with punitive damages against each of the named Correction Officer Defendants in an amount to be determined by a jury,  and plaintiff demands attorneys' fees against the Correction Officer Defendants pursuant to 42 U.S.C §  1988, and plaintiff demands the cost and disbursements of this action.

Plaintiff hereby demands a jury trial.

Dated: July 19, 2024

Yours, etc.

SIVIN, MILLER & ROCHE, LLP

By:  /s/ Duane Blackman

Duane Blackman
Attorneys for Plaintiff
20 Vesey Street, Suite 1400
New York, NY 10007
212-349-0300