THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

**JEFFREY NOLL, ESQ.**
*Assistant Corporation Counsel*
jnoll@law.nyc.gov
Phone: (212) 356-2617

June 10, 2025

So ordered
6-11-25
Alvin K. Hellerstein

**VIA ECF**
Honorable Alvin K. Hellerstein
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: Nikki Secondino v. City of New York et al., 24 CV 05499 (AKH)

Your Honor:

I am an Assistant Corporation Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, and attorney for Defendants City of New York, Shatrona Scott, Toni Agurs, Monique Williams, Shanna-Kay Brown, Latisha Harrell, Eryka Rogers, Shannon Gayle, Manuel Mateo, Roslyn Stroud, Latasha Heredia-Flores, and Adrian Pena in the above-referenced matter. I respectfully write pursuant to Local Civil Rule 1.4 seeking an Order relieving the Office of the Corporation Counsel as the attorney for Defendant Manuel Mateo in this matter.

Local Civil Rule 1.4 requires "a showing by affidavit or otherwise of satisfactory reasons for withdrawal." See Local Civil Rule 1.4. I respectfully submit the attached affidavit setting forth the basis pursuant to which the Corporation Counsel seeks to withdraw as counsel for Defendant Manuel Mateo.

Respectfully submitted,

/s/ *Jeffrey Noll*

*Assistant Corporation Counsel*
Special Federal Litigation Division

cc: all attorneys of record (via ECF)
Manual Mateo (by email)
Correction Officer

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- x

NIKKI SECONDINO,

Plaintiff,

-against-

THE CITY OF NEW YORK, C.O GAYLE, C.O. STROUD, C.O. MARTINEZ, C.O. PENA, C.O. WILL, C.O. ROGER, C.O. MATEO, C.O. SCOTT, C.O. HEREDIA, C.O. RICHARDS, C.O. ENCAMPO, CAPT. AGARES, CAPT. WILLIAMS, CAPT. HAMILTION, and C.O.s JOHN/JANE DOE 1-12,

Defendants.

---------------------------------------------------------------------- x

**DECLARATION OF JEFFREY NOLL**

24-CV-5499(AKH)

I, Jeffrey Noll, declare, pursuant to 28 U.S.C. § 1746 and under penalty of perjury, as follows:

1. I am an Assistant Corporation Counsel in the office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, attorney for Defendants City of New York, Shatrona Scott, Toni Agurs, Monique Williams, Shanna-Kay Brown, Latisha Harrell, Eryka Rogers, Shannon Gayle, Manuel Mateo, Roslyn Stroud, Latasha Heredia-Flores, and Adrian Pena.

2. I am familiar with the facts and circumstances stated herein and make this declaration pursuant to Local Civil Rule 1.4 of the Southern and Eastern Districts of New York in support of the instant motion for the Office of the Corporation Counsel to withdraw as the attorney for Correction Officer Manuel Mateo.

3. The procedural posture of the case is as follows: Plaintiff filed the instant action on July 20, 2024. ECF Docket No. 1. Defendant City of New York filed its answer on October 29, 2024. ECF Docket No. 54. Defendants Brown, Harrell, Rogers, Gayle, Mateo, Heredia-Flores, Pena, and Stroud filed their answer on March 11, 2025. ECF Docket No. 65. Defendants Scott,

Agurs, and Williams filed their answer on April 9, 2024. ECF Docket No. 68. Co-defendant Encamp through separate counsel filed his answer with crossclaims on April 11, 2025, ECF Docket No. 71; and, Defendant City filed its answer to Encampo's crossclaims on March 23, 2025. ECF Docket No. 74. The parties thereafter appeared for an initial conference on April 25, 2025. ECF Minute Entry on April 25, 2025. Currently, the parties are in the process of exchanging paper discovery.

4. Corporation Counsel does not seek a retaining or charging lien against Officer Mateo.

5. Plaintiff alleges, *inter alia*, that they were subjected to excessive force by Defendants stemming from multiple incidents and that Defendants failed to protect Plaintiff on several incidents, which occurred while Plaintiff was an inmate at Rikers Island Correctional Facility.

6. As to Officer Mateo, specifically, Plaintiff alleges that on January 19, 2024, Officer Mateo left his assigned post, and, subsequently, Plaintiff was attacked by other inmates; several minutes later, Officer Mateo returned and pepper sprayed Plaintiff without justification. At bottom, Plaintiff claims Officer Mateo failed to monitor and supervise inmates and subjected Plaintiff to excessive force by use of pepper spray.

7. General Municipal Law ("GML") § 50-k(2) in relevant part states "the city shall provide for the defense of an employee of any agency in any civil action or proceeding in any state or federal court including actions under sections nineteen hundred eighty-one through nineteen hundred eighty-eight of title forty-two of the United States code arising out of any alleged act or omission which the corporation counsel finds occurred while the employee was acting within the scope of his public employment and in the discharge of his duties and was not in violation of any rule or regulation of his agency at the time the alleged act or omission occurred." Accordingly,

Case 1:24-cv-05499-AKH Document 81-1 Filed 06/10/25 Page 3 of 3

state law requires that this Office make the determination of whether to represent a defendant employee and permits this Office to decline representation, or withdraw as is the case here, when a defendant employee violates an agency's rules or regulations in connection with the allegations in the complaint. Vitucci v. City of New York, 272 A.D.2d 620 (2d Dept. 2000) (citing Matter of Williams v. City of New York, 64 N.Y.2d 800, 802 (1985).

8. This Office deemed Officer Mateo eligible for representation and undertook his representation by letter date March 5, 2025. Thereafter, this Office learned that Officer Mateo had been disciplined by his agency in connection with the events alleged in the complaint, thereby rendering him ineligible for representation under GML 50-k. As such, we now seek the Court's permission to withdraw from representing Officer Mateo in this matter. Should the Court seek further information regarding this determination, we request permission to submit such information *in camera* to protect privileged and confidential communications.

9. Because this Office has determined that Officer Mateo is not entitled to legal representation by this Office, Corporation Counsel now seeks and Order pursuant to Local Civil Rule 1.4 relieving this Office as attorneys for Officer Mateo in this matter.

Dated: June 10, 2025
New York, NY

Jeffrey Noll

Jeffrey Noll, Esq.
*Assistant Corporation Counsel*
Special Federal Litigation Division